Pierce ROSENBERG, Plaintiff,

v.

Raymond J. PLATT, Defendant.

No. 63-C-48.

United States District Court
E. D. Wisconsin.

May 11, 1964.

William F. Fox, Milwaukee, Wis., for plaintiff.

Edwin A. Star, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Action on a promissory note. Plaintiff, a resident of Wisconsin, sued defendant, a resident of California.

At the time of the oral argument, it was conceded that plaintiff was an accommodation maker. The parties executed the note to the Marine National Exchange Bank. The note, on its face, indicates that it was executed in Milwaukee, Wisconsin, and was payable in Milwaukee. There was some stock in Equity Funding Corporation of America pledged with the note as collateral. On default, plaintiff paid the bank, and the note was assigned to plaintiff by the bank without recourse, and the collateral was assigned to the plaintiff. Defendant has brought the following motions:

1. To dismiss for lack of jurisdiction.

2. To transfer the venue to the residence of the defendant.

3. To increase the bond filed with the attachment, the plaintiff having attached the stock, or in the alternative, to quash the writ of attachment.

The basis of the first motion is a claim that there is no diversity of citizenship. Defendant claims that the alignment should be the bank against the parties which would destroy the diversity of citizenship. There was no evidence whatsoever submitted on this motion that there was any assignment of the note, improperly or collusively, to invoke the jurisdiction of the court.

The bank no longer has any interest in the matter. The plaintiff is the real party in interest under Rule 17 (a), Federal Rules of Civil Procedure. Where the assignment is not collusive or for the purpose of conferring jurisdiction which would not otherwise exist, the assignee is the real party in interest and can sue without the assignor's being joined or being a party. Paper Makers Importing Co. v. City of Milwaukee, 165 F.Supp. 491 (E.D.Wis.1958); Sheehan v. Municipal Light & Power Co., 151 F. 2d 65 (2d Cir.1945); Commerce Manufacturing Co. v. Blue Jeans Corporation, 146 F.Supp. 15 (E.D.No.Car.1956); and Ashley v. Board of Sup'rs of Presque Isle County, 83 F. 534 (6th Cir.1897), cert. denied 169 U.S. 736, 18 S.Ct. 940, 42 L. Ed. 1216.

The action arises out of a promise to deliver goods or things of value in Wisconsin. Section 262.05(5) (c), Wis.Stats.

There being no evidence on this motion that the assignment was anything but genuine or was in any manner surreptitious or fictitious, the motion to dismiss is hereby denied.

With reference to the motion for a change of venue, there is no showing that the convenience of the parties or witnesses or ends of justice would indicate any basis for a change of venue. That motion is hereby denied.

With reference to the motion to quash the writ of attachment or increase the amount of the bond, there was some claim made in the oral argument that the defendant is not the owner of the stock which was attached. There was no showing other than a claim made by counsel and the claimed owner, to wit: Equity Funding Corporation of America has not brought any motion or petition to the court to release the attachment. Absent such motion or petition and the proper showing, the motion to release the attachment is hereby denied.

With reference to the demand for additional security, defendant has established no facts in this record indicating that he is likely to sustain damage due to the attachment or that the present bond is insufficient to cover any potential damages. There is a definite dispute as to the value of the stock, and there is nothing before the Court which would enable the Court to make a finding in that respect. Therefore the motion to increase the bond is hereby denied.